In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-04-488 CR


____________________



JOHNNY RAY RICHARDS, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 9th District Court


Montgomery County, Texas


Trial Cause No. 03-02-01246-CR






MEMORANDUM OPINION


 Johnny Ray Richards appeals his felony conviction for driving while intoxicated. 
See Tex. Pen. Code Ann. § 49.04 (Vernon 2003). After the jury found Richards guilty
of the offense, the trial court assessed punishment at five years of confinement, suspended
imposition of sentence, and placed Richards on community supervision for five years. 
Richards contends the trial court erred in admitting evidence of vertical gaze nystagmus
and in allowing the arresting officer to testify to an opinion of blood or breath alcohol
level. We affirm.

 Point of error one contends the trial court erred in admitting evidence of vertical
gaze nystagmus, or VGN, without first requiring the State to establish the scientific
reliability of the test. See Kelly v. State, 824 S.W.2d 568, 572 (Tex. Crim. App. 1992)
(establishing standard of review for admissibility of scientific expert testimony under Tex.
R. Evid. 702). The Court of Criminal Appeals has held the theory underlying the
horizontal gaze nystagmus, or HGN, test to be sufficiently reliable as an indicator of
intoxication. Emerson v. State, 880 S.W.2d 759, 768-69 (Tex. Crim. App. 1994). Stovall
v. State, 140 S.W.3d 712, 714-20 (Tex. App.--Tyler 2004, no pet.), held it was error for
the trial court to admit evidence of the VGN test without first establishing the reliability
of the underlying scientific theory for the test. In Stovall, the appellant objected to the
officer's testimony when it was initially offered. Id. at 714-15. In this case, Richards
admits he failed to object at trial to the testimony complained of on appeal. (1) Error may
not be predicated on a ruling that admits evidence unless a timely objection appears on the
record. See Tex. R. Evid. 103(a)(1). Richards failed to preserve error on the issue raised
on appeal. Tex. R. App. P. 33.1(a). Point of error one is overruled.

 Point of error two contends the trial court erred in allowing the arresting officer to
testify to an opinion of Richards's blood or breath alcohol level based solely on the
administration of the field sobriety tests. Asked, "Now, do you recall, at the conclusion
of these [field sobriety] tests, what was the next act that you did?", the officer responded,
"At that time, I believed that Mr. Richards had lost the normal use of his mental or
physical faculties and believed that his blood alcohol was going above .08, therefore I
placed him in custody for DWI." To preserve a claim of error for review on appeal, the
record must show that the appellant stated the grounds for excluding the testimony in a
timely objection and that the appellant obtained the trial court's ruling on his objection. 
Tex. R. App. P. 33.1(a). Richards admits there was no trial objection to this testimony. 
Point of error two is overruled. The judgment is affirmed.

 AFFIRMED.


 

 _____________________________

 STEVE McKEITHEN

 Chief Justice


Submitted on December 29, 2005

Opinion Delivered January 11, 2006

Do Not Publish 


Before McKeithen, C.J., Gaultney and Horton, JJ.
1. At the conclusion of the State's direct examination of the officer, defense counsel
did object that the officer was not qualified to render an opinion on what would cause
vertical gaze nystagmus. That objection was overruled because the officer had already
testified to the matter without an objection. Defense counsel then objected on the grounds
that the question had been asked and answered, and the trial court sustained the objection.